```
          UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

FRANK BRUTON,                     :
                                  :
          Plaintiffs              :   No. 4:CV-04-0411
                                  :
     vs.                          :   (Complaint Filed 02/25/04)
                                  :
                                  :   (Judge Muir)
C.O. SAWCHUCK, et al.,            :
                                  :
          Defendants              :
```

**ORDER**

May 5, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 25, 2004, Plaintiff, Frank Bruton, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. On March 30, 2004, plaintiff filed an amended complaint. (Doc. No. 15). On April 15, 2004, service of plaintiff's amended complaint was ordered. (Doc. No. 23). Defendants filed an answer to the amended complaint on July 6, 2004. (Doc. No. 33). On September 22, 2004, the Court issued a scheduling order directing that discovery be completed by January 6, 2005 and dispositive motions be filed on or before February 7, 2005. (Doc. No. 53). On December 20, 2004, defendants filed with the Court a notice of plaintiff's death. (Doc. No. 58). By Order dated January 18, 2005, the Court vacated its September 22, 2004, scheduling order and directed that plaintiff's successor

file a motion for substitution in accordance with FED.R.CIV.P.25(a)(1), on or before April 30, 2005. (Doc. No. 60). The Order forewarned that failure of plaintiff's successor to file a motion for substitution within the relevant time period would result in dismissal of the action pursuant to FED.R.CIV.P. 41. As of the date of this Order, plaintiff's successor has neither filed a motion for substitution nor requested an enlargement of time within which to do so. Thus, for the reasons that follow, the Court will dismiss the action.

**Discussion**

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgment of nonsuit and non prosequitur entered at common law. . . .It has been expressly recognized in Federal Rule of Civil Procedure 41(b)....

Id. at 629-30.

2

There has been no activity on this case since the issuance of this Court's January 18, 2005 Order.  Thus, it is clear that plaintiff's successor has failed to comply with this Court's Order and prosecute the case.  Under these circumstances, it would be a waste of judicial resources to allow this action to continue.  This Court is satisfied that based on the present circumstances, dismissal for failure to prosecute is warranted. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  Pursuant to Federal Rule of Civil Procedure 41(b), the above-captioned action will be dismissed for both failure to prosecute and failure to comply with a Court order.

An appropriate order will enter.

IT IS HEREBY ORDERED THAT:

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff's complaint is dismissed for failure to prosecute and failure to comply with a court Order, without prejudice.

2. The Clerk of Court is directed to close this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/Malcolm Muir

_____
MUIR
United States District Judge